IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NARGES NEKOOEI,                          :
                                         :
                    Plaintiff,           :
                                         :
                                         :          CIVIL ACTION NO.
      v.                                 :          1:25-CV-3208-AT
                                         :
JOSEPH EDLOW, Director of U.S.           :
Citizenship and Immigration Services,    :
*et al.*,[1]                             :
                                         :
                    Defendants.          :

## **ORDER**

This matter comes before the Court upon Defendants' Motion to Dismiss for Lack of Jurisdiction [Doc. 15], filed May 1, 2026.

Plaintiff Narges Nekooei ("Plaintiff") filed this action on June 8, 2025, seeking mandamus and injunctive relief under the Administrative Procedure Act ("APA") to compel action on Plaintiff's I-589 asylum application. (*See* Doc. 1 ¶¶ 1-3; 9-10). At the time she filed suit, Plaintiff had been awaiting action on her asylum application for over seven years, after attending the required biometrics appointment in August 2017. (*Id.* ¶¶ 10-11). Given the delay, Plaintiff sought relief in this Court pursuant to 5 U.S.C. § 706, which grants federal courts authority to

---

[1] This action was originally filed against Angelica Alfonso-Royals, former Acting Director of U.S. Citizenship and Immigration Services ("USCIS"). (Doc. 1). The current USCIS Director Joseph Edlow is properly substituted as a Defendant pursuant to Fed. R. Civ. P. 25(d).

compel agency action that has been unlawfully withheld or unreasonably delayed. (*Id.* ¶¶ 17-22).

On May 1, 2026, Defendants filed the instant Motion to Dismiss, notifying the Court that USCIS has now taken action on Plaintiff's application for asylum. [Doc. 15 at 4]; (*see also* Doc. 15-1). Specifically, USCIS sent Plaintiff a Referral Notice on April 30, 2026, finding that Plaintiff was not eligible for asylum based on her Form I-589 application and referring Plaintiff's asylum application to an immigration judge for adjudication in removal proceedings. (Doc. 15-1 at 5-6). Concurrently with the Referral Notice, the Department of Homeland Security sent Plaintiff a Notice to Appear before an immigration judge on June 2, 2028 for removal proceedings. (*Id.* at 2-3). Since Defendants have now taken action on the asylum application, they contend the Court no longer has jurisdiction under the APA to decide Plaintiff's claim for mandamus relief based on the unreasonable delay of agency action. [Doc. 15 at 4-6]. In other words, Plaintiff's claim is moot.

Plaintiff has filed no response to the Motion to Dismiss. Under the Local Rules, her failure to respond indicates there is no opposition to the motion. N.D. Ga. LR 7.1(B). Moreover, the Court has reviewed the documentation submitted by Defendants in support of the Motion to Dismiss and agrees that Plaintiff's claims for mandamus and injunctive relief have been mooted by virtue of USCIS having now issued a decision on Plaintiff's I-589 application.[2]

---

[2] As explained in the Referral Notice from USCIS, its decision finding her ineligible for asylum "is not a denial of [her] asylum application." (Doc. 15-1 at 5). Plaintiff will still have an opportunity for her asylum application to be heard by the immigration judge, and she may amend her application when she appears before the immigration judge in June

Accordingly, the Court **GRANTS** the Motion to Dismiss. [Doc. 15]. The Clerk is **DIRECTED** to terminate this action.

It is **SO ORDERED** this 22nd day of May, 2026.

**Amy Totenberg**
**United States District Judge**

---

2028. The immigration judge "will evaluate [her] asylum claim independently and is not required to rely on or follow the decision made by USCIS." (*Id.*).

3